# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR ALEJANDRO CHUBB,<br><br>Petitioners,<br><br>v.<br><br>CURRENT OR ACTING FIELD OFFICE DIRECTOR, SAN FRANCISCO FIELD OFFICE, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>Respondents. | Case No. 1:26-cv-03251-JLT-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS, DENY RESPONDENTS' MOTION TO DISMISS, AND DIRECT RESPONDENT TO PROVIDE PETITIONER WITH A BOND HEARING |

Petitioner is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth herein, the undersigned recommends that the petition for writ of habeas corpus be granted, Respondents' motion to dismiss be denied, and Petitioner be provided a bond hearing.

## I.

## BACKGROUND

Petitioner is a citizen of Guatemala who entered the United States less than twenty years ago at an unknown date and unknown place. (ECF No. 7-1 at 3.[1]) On January 13, 2026, Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE") while he was walking down a street and has been detained ever since. (ECF No. 7-1 at 3; ECF No. 1 at 4.)

---

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

1

On April 28, 2026, Petitioner filed a petition for writ of habeas corpus raising a prolonged detention due process claim and an Eighth Amendment claim. (ECF No. 1 at 5–13.) The Court also "construe[d] the Petition as also raising a due process claim regarding Petitioner's re-detention and challenging the statutory authority for Petitioner's detention." (ECF No. 6 at 1.) On May 4, 2026, Respondents filed a motion to dismiss. (ECF No. 7.)

## II.

## DISCUSSION

Although the deadline for Petitioner to file a reply to Respondents' response has not yet passed, the undersigned finds that issuance of the findings and recommendation is appropriate.

### A.  Statutory Basis of Petitioner's Detention

"Respondents recognize that the majority of judges in the Eastern District of California have rejected the argument but maintain that Petitioner is an 'applicant for admission' who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)." (ECF No. 7 at 1–2.) "The various legal arguments relied upon by Respondents to support this assertion [that Petitioner's detention is mandatory under 1225(b) while his removal proceedings are pending] have been rejected by this Court in other proceedings." J.E.H.G. v. Chestnut, No. 1:25-cv-01673-JLT SKO, 2025 WL 3523108, at *9 (E.D. Cal. Dec. 9, 2025). See Valencia v. Chestnut, No. 1:25-cv-01550 WBS JDP, 2025 WL 3205133, at *2 (E.D. Cal. Nov. 17, 2025) (noting that "[h]ere in the Eastern District of California, recent decisions have largely rejected the government's interpretation of Section 1225(b)(2) as applicable to all 'applicants for admission,'" recognizing "[o]ther district courts have also reached the result that Section 1226(a), not Section 1225(b)(2), provides the appropriate framework for noncitizens already residing in the United States," and collecting cases).

This Court will follow the majority approach in finding that "Respondents' proposed interpretation of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory

\\\

interpretation and practice." <u>Sharan S. v. Chestnut</u>, No. 1:25-cv-01427-KES-SKO (HC), 2025 WL 3167826, at *5 (E.D. Cal. Nov. 12, 2025).

Based on the foregoing, the undersigned recommends finding that the statutory basis of Petitioner's detention is 8 U.S.C. § 1226(a), which provides for release on bond or conditional parole, and thus, Petitioner is entitled to habeas relief on the construed claim challenging the statutory authority of Petitioner's detention.[2] The undersigned further recommends Petitioner "must be given a prompt bond hearing under the framework of 8 U.S.C. § 1226(a) or released." <u>Huerta v. Bondi</u>, No. 1:25-CV-00941 JLT HBK (HC), 2026 WL 366709, at *1 (E.D. Cal. Feb. 10, 2026). <u>See</u> <u>Cristian G. G. S. v. Bondi</u>, No. 1:26-CV-01408 JLT SKO (HC), 2026 WL 788102, at *1 (E.D. Cal. Mar. 20, 2026) ("Because Petitioner has never been subject to a formal evaluation by any immigration authority as to his danger to the community and/or flight risk, the appropriate remedy here is a custody hearing under 8 U.S.C. § 1226(a).").

## B. Abeyance Pending <u>Rodriguez Vazquez</u> Appeal

Respondent alternatively requests the Court to "hold the matter in abeyance pending the Ninth Circuit's resolution of" <u>Rodriguez Vazquez v. Bostock</u>, No. 25-6842. (ECF No. 7 at 2.) Given the uncertainty regarding when the <u>Rodriguez Vazquez</u> appeal will be decided, the undersigned recommends declining to hold further proceedings on the petition in abeyance.

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED on the construed claim challenging the statutory authority of Petitioner's detention; and

2. Respondents be directed to provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a).

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

---

[2] In light of this conclusion, the Court declines to address Petitioner's other claims.

Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 5, 2026**                        /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE