# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

OSCAR ALEJANDRO CHUBB,

Petitioner,

v.

CURRENT OR ACTING FIELD OFFICE DIRECTOR, SAN FRANCISCO FIELD OFFICE, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,

Respondents.

No. 1:26-cv-03251 JLT EPG (HC)

A-Number: 246-060-786

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS WITH MODIFICATIONS; GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING RESPONDENTS' MOTION TO DISMISS; DIRECTING RESPONDENTS TO MAKE INITIAL CUSTODY DETERMINATIONS AND PROVIDE A SUBSTANTIVE BOND HEARING IF DETENTION CONTINUES; AND DIRECTING CLERK OF COURT TO CLOSE CASE

(Docs. 1, 7, 10)

Petitioner, who entered the United States many years ago without inspection, was detained by immigration authorities on January 13, 2026 while walking down the street in Monterey Park, California. (Doc. 7-1 at 2–3.) He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On May 6, 2026,[1] the magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be granted, Respondents' motion to dismiss be denied, and Respondents be directed to provide Petitioner with a bond hearing. (Doc. 10.) The Court served the findings and recommendations on the parties and notified them that any

---

[1] The findings and recommendations were signed on May 5, 2026, but not docketed until May 6, 2026.

1

objections were due in 14 days. (*Id.*) On May 6, 2026, Respondents filed timely objections. (Doc. 11.)

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Respondents' objections, the Court concludes the findings and recommendations are supported by the record and proper analysis, though the Court will require Respondents to comply with slightly modified procedures articulated in *Garcia De Melo v. Stamper*, No. 1:26-CV-00152-JAW, 2026 WL 925672, at *5 (D. Me. Apr. 6, 2026), because there is no evidence that Respondents have yet obtained an administrative warrant or provided Petitioner any kind of initial custody determination.

Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued on May 6, 2026 (Doc. 10) are **ADOPTED AS MODIFIED**.

2. The petition for writ of habeas corpus is **GRANTED**.

3. Respondents' motion to dismiss (Doc. 7) is **DENIED**.

4. **Within 48 hours of this order**, Respondents **SHALL** undertake an initial custody determination pursuant to 8 U.S.C. § 1226(a) at which point they may either release Petitioner or continue his detention if deemed appropriate.

5. Thereafter, if Petitioner is not released, and no arrest warrant has been issued, Respondents **SHALL** immediately seek an arrest warrant. If the warrant is not granted, Respondents **SHALL** immediately release Petitioner. If a warrant is granted, within 10 days of the initial custody determination, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) at which the parties will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained.

6. At least 72 hours before the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL**

receive notice of the scheduled hearing. If Respondents fail to provide the bond hearing within the timeframe outlined above, they **SHALL** release Petitioner.

7. Respondents are **ENJOINED** and **RESTRAINED** from re-arresting or re-detaining Petitioner unless Respondents provide no less than seven days' notice to Petitioner and hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond is considered.[2]

8. The Clerk of Court is directed to serve the Mesa Verde Detention Center with a copy of this Order.

9. The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:    **May 29, 2026**

UNITED STATES DISTRICT JUDGE

---

[2] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.

3